UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **NICHOLAS T. STRINGFELLOW AND JULIAN TELLIS** | * | **DOCKET NUMBER:** |
| | * | |
| **VERSUS** | | |
| | * | **JUDGE** |
| **CITY OF RUSTON, OFFICER JASON BURNHAM, OFFICER SLADE DARDEN, OFFICER TYLER DAVIDSON, AND CHIEF STEVE ROGERS** | * | |
| | * | |
| | | **MAGISTRATE JUDGE** |

_____

### ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, through their undersigned counsels, state and allege as follows:

**1.
JURISDICTION AND VENUE**

1.1  This court has jurisdiction pursuant to the provisions of 42 U.S.C. Sections 1983, 1988 and the Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the Constitution of the United States; Article I, Sections 2, 3 4, and 13 of the Constitution of the State of Louisiana; and Article 2315, *et seq.* of the Louisiana Civil Code.  Jurisdiction is based upon these statutes and constitutional provisions and 28 U.S.C. Sections 1331, 1334 and 2201.

1.2  The court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over the state law claims that are alleged herein.

1.3  Venue is proper in the District Court for the Western District of Louisiana pursuant to 28 U.S.C. 1391 because (a) a substantial part of the events or omissions giving rise to the

claim occurred in the judicial district, and (b) one or more of the defendants are subject to personal jurisdiction in the judicial district at the time the action is commenced.

## 2.
## PARTIES

2.1     Plaintiff, **NICHOLAS T. STRINGFELLOW** ("**Stringfellow**"), is a male citizen of the United States, over the age of 21, and a resident of and domiciled in Ruston, Lincoln Parish, Louisiana.

2.2     Plaintiff, **JULIAN TELLIS** ("**Tellis**"), is a male citizen of the United States, over the age of 21, and a resident of and domiciled in Farmerville, Union Parish, Louisiana.

2.3     Defendant, **CITY OF RUSTON**, Lincoln Parish, Louisiana (**"Ruston"**) is a municipal corporation of the State of Louisiana, and as such operates a police department. The City provides training and supervision of the officers on the department and is responsible for their actions while on duty. The City through the appropriate personnel creates policies and procedures for the operation of the department and for the use of force against citizens by its officers.

2.4     Defendant, **OFFICER JASON BURNHAM**, individually and in is his official capacity as an officer of the Ruston Police Department. At all times pertinent hereto, Officer Jason Burnham ("**Burnham**") was employed by the City of Ruston, Louisiana.

2.5     Defendant, **OFFICER SLADE DARDEN**, individually and in is his official capacity as an officer of the Ruston Police Department. At all times pertinent hereto, Officer Jason Burnham ("**Darden**") was employed by the City of Ruston, Louisiana.

2.6  Defendant, **OFFICER TYLER DAVIDSON**, individually and in is his official capacity as an officer of the Ruston Police Department. At all times pertinent hereto, Officer Jason Burnham ("**Davidson**") was employed by the City of Ruston, Louisiana.

2.7  Defendant, **CHIEF STEVE ROGERS** ("**Rogers**"), individually and I his official capacity as Chief of Police for the City of Ruston. All all times pertinent hereto, Chief Rogers was employed by the City of Ruston, Louisiana.

## 3.
## FACTS AND BACKGROUND

3.1  On May 31, 2015, plaintiffs, Nicholas T. Stringfellow and his friend, Julian Tellis had gone to Wal-Mart located at 1201 North Service Road East in Ruston, Lincoln Parish, Louisiana to pick-up Enfamil AR for Tellis' infant son, who at the time was two months old.

3.2  While Stringfellow and Tellis were standing in the check-out line, they were discussing why Tellis' baby had to use a certain type of milk. Tellis had 9 cans of milk. They overheard an exchange between an unknown lady (later identified as Tawain Cottingham) with an adult black male. The conversation was not pleasant, and they heard the lady call the police and tell them that "they were some African American males in Wal-Mart being very ignorant".

3.3  In the meantime, Tellis left the line to use the rest room and Stringfellow stayed in line in order to keep Tellis' spot in the line.

3.4  When Officers Burnham, Darden and Davidson arrived at Wal-Mart, the black male had left the store and Stringfellow was still standing in line behind the unknown lady.

3.5 When the officers first arrived at Wal-Mart, without reasons or probable cause, Officer Darden yelled very loudly with his hand on his gun and told Stringfellow to come here. There was nothing in the officer's report to suggest to him that Stringfellow had done anything wrong. There was nothing that he gleamed from the conversation with Stringfellow that he had done anything wrong. There was no probable to cause to arrest Stringfellow so the arrest was improper. There is nothing in the record or police report giving the officers any reason to suspect that they were intoxicated. There was no filed sobriety test given, no breathalyzer test was given, no slurred speech, and no irregular gait. The officers subsequently mentioned in their reports that they smelled an odor of alcohol. There was nothing under the facts and circumstances of this case that Springfellow or Tellis were under the influence of alcohol. Thus, the arrest for public intoxication was a false arrest and without probable cause. There is nothing in the way in which Stringfellow or Tellis acted which could be construed as resisting arrest. The officers never talked to anybody at the store to verify Springfellow and/or Tellis as the individuals who harassed the complainant.

3.6 Stringfellow walked towards Officer Darden and stopped at the entrance of Wal-Mart. Officer Burnham asked Stringfellow what happened and he explained to him that the lady was bothered by words of a man and that he didn't really know what was said.

3.7 Officers Burnham and Darden insisted that he had done something wrong and that the lady wouldn't have called them for just any reason.

3.8 Stringfellow continued to tell Officers Darden and Burnham that he had done nothing wrong.

3.9     When Tellis exited the rest room Officer Darden told him to come to them.

3.10    Tellis complied with Officers Darden and Burnham's command and walked towards them.

3.11    Tellis also told Officers Darden and Burnham that he had done nothing wrong, and that he needed to get his baby's milk home before 12 midnight. Officer Darden responded to Tellis stating he didn't care.

3.12    Suddenly and without provocation, Officer Darden shoved Tellis towards the door, slammed him onto the store's floor and put his knee in the back of Tellis' neck. Officer Darden asked Officer Burnham to grab Tellis' legs. Officer Davidson did as Officer Darden instructed.

3.13    Stringfellow hears one of the officers tell Officer Burnham to "hey you, hand cuff him, I don't' know if he has done anything or going to".

3.14    Tellis and Stringfellow, while handcuffed, were escorted out of Wal-Mart by Officers Burnham, Darden and Davidson.

3.15    Tellis begin to feel a sharp pain in his hip, groin and stomach areas. He was placed in the back of Officer Darden's patrol car.

3.16    Tellis told Officer Darden that his stomach area was bothering him, and he asked Officer Darden to un-cuff him so that he could put his hands in front of him to help ease the pain, but Officer Darden refused to do so.

3.17    While seated in the back seat of the Darden's patrol car, Tellis pulled his hand over his head to relieve the pressure from his stomach.

3.18   Officer Darden noticed that Tellis had raised his arms up and around over his head and had placed his handcuffed hands in     front of him. Officer Darden slung him out of the patrol car and onto the back of his patrol car. Officer Darden removed Tellis' handcuffs, put his hands back behind his back and placed them on Tellis again, but this time much tighter. Officer Darden threatens Tellis with the use of his taser if he moved.

3.20   At all times relevant herein, the complainant as well as others informed Officers Darden, Burham and Davidson that they had the wrong men. The officers' response was that's alright, they are being arrested on something else.

3.21   Stringfellow was arrested and booked for resisting an officer (11:108) and disturbing the peace by appearing in an intoxicated condition (11:103A(3)).

3.21   Stringfellow and Tellis were transported to the Lincoln jail where they were searched. Stringfellow had some marijuana on his person, and he was charged additionally with possession of marijuana (LSA-R.S. 40:966E(1)). Stringfellow remained in jail for approximately eight hours before being able to bond out.

3.22   Stringfellow was charged by Bill of Information with Resisting an Officer (Violence) as set forth in RCO 11:108B(1)(b); Disturbing the Peace – Appearing in an Intoxicated Condition as set forth in RCO 11:103.A(3); and Simple Possession of Marijuana as set forth in RCO 11:1300.

3.23   Tellis was arrested and booked for resisting an officer by violence (11:108) and disturbing the peace by appearing in an intoxicated condition (11:103). He remained in jail for approximately eight hours before being able to bond out.

3.24    Tellis was charged by Bill of Information with Disturbing the Peace – Appearing in an Intoxicated Condition as set forth in RCO 11:103.A(3); and Resisting an Officer (Violence) as set forth in RCO 11:108B(1)(b).

3.25    On July 15, 2015, Stringfellow pled not guilty to all of the charges.

3.26    On July 15, 2015, Tellis pled not guilty to all of the charges.

3.27    The trial of this case commenced on December 17, 2015 and Stringfellow's case numbers, S-22605, S-22606 and S-22607 were consolidated with Tellis' case numbers, S-22610 and S-22611, in and for Ruston City Court. The trial commenced with the testimony of the complainant, Tawain Cottingham, who testified on behalf of the City. After her testimony, the trial was recessed to January 21, 2016.

3.28    On January 21, 2016, in the matter entitled "City of Ruston versus Nicholas T. Stringfellow", **Case Number S-22605**, in and for Ruston City Court, the charge of resisting an officer by violence was dismissed by city prosecutor Cary T. Brown in open court.

3.29    On January 21, 2016, in the matter entitled "City of Ruston versus Nicholas T. Stringfellow", **Case Number S-22606**, in and for Ruston City Court, the charge of disturbing the peace by intoxication was dismissed by city prosecutor Cary T. Brown in open court.

3.30    On January 21, 2016, in the matter entitled "City of Ruston versus Nicholas T. Stringfellow", **Case Number S-22607**, in and for Ruston City Court, the charge of possession of marijuana was dismissed by city prosecutor Cary T. Brown in open court.

3.31 On January 21, 2016, in the matter entitled "City of Ruston v. Julian Tellis", **Case Number S-22610**, in and for Ruston City Court, the charge of Disturbing the Peace/Intoxication was dismissed by city prosecutor Cary T. Brown in open court.

3.32 On January 21, 2016, in the matter entitled "City of Ruston v. Julian Tellis", **Case Number S-22611**, in and for Ruston City Court, the charge of Resisting an Officer by Violence was dismissed by city prosecutor Cary T. Brown in open court.

3.33 As a result of the unlawful actions and excessive use of force by Officer Darden, Tellis received abrasions to his wrists, and had to have surgery on his hernia.

3.34 Stringfellow and Tellis' pictures and names were placed on the front page of the local newspaper.

3.35 As a result of the unlawful actions of Officer Burnham, Stringfellow, who had signed up for the National Guard, was unable to go to basic training in April, 2016 due to the arrest and publicity.

3.36 Officer Davidson failed to intervene and assisted in the unlawful arrests of Stringfellow and Tellis.

3.37 The City of Ruston was negligent in the hiring of Darden in not conducting a thorough investigation prior to hiring him. Darden had been employed as a Deputy Sheriff in Union Parish prior to his employment as a police officer for the City of Ruston. While employed as deputy sheriff, he has been named as a defendant in at least two federal cases that are currently pending in federal court 1983 violations in the manner in which he handcuffs individuals.

## 4.
## FIRST CAUSE OF ACTION: FALSE ARREST

4.1 Plaintiffs reiterates and realleges paragraphs 3.1 – 3.37 as though fully set forth herein.

4.2 Stringfellow and Tellis contend that the defendants violated their Fourth and Fourteenth Amendments, as applied to the City of Ruston, of the U.S. Constitution. Defendants, Darden, Burnham and Davidson caused the arrest of plaintiffs without consulting with the complainant. The complainant told the officers that they had the wrong individuals as Stringfellow and Tellis were not the individuals who harassed her.

4.3 Strinfellow and Tellis' arrests were not related to the reasons why they came to Wal-Mart.

4.4 The fact that they smelled the odor of alcohol on their breaths, is not alone sufficient enough to state that they were intoxicated.

4.5 The defendants' detaining and arresting of plaintiffs without probable cause, violated the Fourth and Fourteenth Amendments as applicable to the City of Ruston, of the U.S. Constitution.

## 5.
## SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE

5.1 Plaintiffs reiterates and realleges paragraphs 3.1 – 3.37 as though fully set forth herein.

5.2 The plaintiffs, Stringfellow and Tellis' right to be free of excessive use of force in violation of the Fourth Amendment and Fourteenth Amendments and 42 U.S.C. 1983, *et seq.*

5.3 Darden, Burnham and Davidson intentionally without legal justification use of excessive force under the circumstances when such use of force is a clear violation of Stringfellow and Tellis' civil rights.

5.4   Plaintiffs contend that the use of force upon them by the defendants was clearly excessive as they were not a threat to anyone, were not attempting to escape and were not resisting an officer. There were much less means to accomplish the officers' duties and objectives. The CITY OF RUSTON is liable herein for failing to train, discipline and supervise Darden, Burnham and Davidson in arresting an individual. CHIEF ROGERS did not follow protocol under the rules of the police department when arresting and handcuffing an individual. As a result, Tellis was severely injured and had to have an operation.

## 6.
## THIRD CAUSE OF ACTION: FAILURE TO SUPERVISE

6.1   Plaintiffs' reiterates and realleges paragraphs 3.1 – 3.37 as though fully set forth herein.

6.2   Plaintiffs bring this case of action pursuant to 42 U.S.C. 1983, *et seq.* CITY OF RUSTON is a defendant herein. CHIEF ROGERS is the chief law enforcement officer for the City of Ruston. Chief Rogers is responsible for the supervision of Darden, Burnham and Davidson.

6.3   The defendants, City of Ruston and Chief Rogers, violated Stringfellow and Tellis' right to be of excessive us of force in violation of the Fourth Amendment. Chief Rogers is Darden, Burnham and Davidson's supervisor. Chief Rogers did not discipline the officers for their clear violation of Stringfellow and Tellis' civil rights.

6.4   The failure to supervise and discipline by Chief Rogers of Darden, Burnham and Davidson resulted in Darden, Burnham and Davidson failing to follow protocol and training regarding the civil rights of citizens including Stringfellow and Tellis and was a cause of the violation of Stringfellow and Tellis' rights as described hereinabove.

## 7.
## FOURTH CAUSE OF ACTION:
## STATE LAW CLAIMS: EXCESSIVE FORCE

7.1   Plaintiff reiterates and realleges all of the foregoing paragraphs as though fully set for herein.  The City of Ruston, Darden, Burnham, Davidson and Chief Rogers are made defendants herein.

7.2   Stringfellow and Tellis allege violations of Louisiana Civil Code Article 2315.  Officers Darden, Burnham and Davidson acted in the course and scope of their employment with the City of Ruston, violated plaintiffs' rights under Article I, Section 5 of the 1974 Louisiana Constitution.  The City of Ruston is liable for the fault of its officers in the unlawful arrest of plaintiffs who had not violated any law or ordinance, and did not pose a threat.  No force was necessary at the time it was used.  Also, the defendants are liable under LSA-C.C. Art. 2315.  The defendants, Darden, Burnham and Davidson, and the City of Ruston are liable in solido unto plaintiffs.  Plaintiffs bring suit for excessive use of force.  Plaintiffs also allege that the City of Ruston failed to properly train Officers Darden, Burnham and Davidson in the law of arrest.

7.3   Officers Darden, Burnham and Davidson's use of force constituted fault because plaintiffs had done nothing to be arrested for, they were not resisting, the risks and dangers perceived by the officers were minimal at best, the alleged acts of plaintiffs, assuming they committed an alleged act, were minor, and plaintiffs' arrests were unnecessary.

7.4   Plaintiffs allege violations of Louisiana Civil Code Article 2315 for negligence and intentional acts.  Officers Darden, Burnham and Davidson were in the course and scope

of their employment with the City of Ruston, committed fault and that fault should be evaluated under Louisiana Civil Code Articles 2323 and 2324. Officers Darden, Burnham and Davidson failed to consider Plaintiffs' position and condition when they used excessive force on them, and they are liable in solido unto plaintiffs.

7.5 Officers Darden, Burnham and Davidson are not entitled to qualified immunity under either state law for claims of fault or negligence or intentional acts.

7.6 The City of Ruston was negligent in the hiring of Darden in not conducting a thorough investigation prior to hiring him. Darden had been employed as a Deputy Sheriff in Union Parish prior to his employment as a police officer for the City of Ruston. While employed as deputy sheriff, he has been named as a defendant in at least two federal cases that are currently pending in federal court 1983 violations.

## 8.
## MISCELLANEOUS PROVISIONS

8.1 Defendants, Officers Darden, Burnham and Davidson are not entitled to qualified immunity under federal law.

8.2 Due to the malicious and deliberately indifferent actions of Officers Darden, Burnham and Davidson towards Stringfellow and Tellis' federally protected rights, plaintiffs are entitled to an award of punitive damages against them. Plaintiffs do not seek punitive damages against the City of Ruston.

8.3 Plaintiffs demand a jury trial.

8.4 Plaintiffs suffered mental distress, loss of liberty, invasion of privacy, pain and suffering, loss of earning capacity, loss of enjoyment of life, embarrassment and humiliation as a result of the actions of the defendants.

8.5     Plaintiffs are entitled to an award of attorney's fees and costs under 42 U.S.C. 1983 and 1988.

**WHEREFORE**, Plaintiffs, **NICHOLAS T. STRINGFELLOW** and **JULIAN TELLIS** pray that:

(1)     They be granted a trial by jury.

(2)     There be judgment herein in favor of **NICHOLAS T. STRINGFELLOW and JULIAN TELLIS** and against defendants, **CITY OF RUSTON, JASON BURNHAM, SLADE DARDEN, TYLER DAVIDSON, CHIEF ROGERS**, in solido in a reasonable amount to be set by the court, plus judicial interest, compensatory damages, consequential damages, and all costs of court, including reasonable attorney's fees.

(3)     There be judgment herein against the defendants, JASON BURNHAM SLADE DARDEN and TYLER DAVIDSON for punitive damages.

(4)     For all such others and decrees which are necessary for full, general and equitable relief in the premises.

**MINIFIELD & HARPER**

 /s/ Pamela R. Harper
PAMELA R. HARPER, BAR ROLL NO. 19337
L. CHARLES MINIFIELD, BAR ROLL NO. 01968
1306 Sibley Road – P. O. Box 796
Minden, Louisiana 71058-0796
Phone: (318) 377-7131
Fax: (318) 371-0902

**ATTORNEYS FOR NICHOLAS T. STRINGFELLOW AND JULIAN TELLIS**