UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| NICHOLAS T. STRINGFELLOW, ET AL. | * | CIVIL ACTION NO.  16-0756 |
| VERSUS | * | MAG. JUDGE KAREN L. HAYES |
| CITY OF RUSTON, ET AL. | * | |

## MEMORANDUM ORDER

Before the court is a motion to compel discovery responses and associated, but conditional, request for fees [doc. # 16], filed by defendants, City of Ruston, Officer Jason Burnham, Officer Tyler Davidson, and Chief Steve Rogers.  The motion is unopposed.  For reasons assigned below, the motion to compel is GRANTED.

## Background

On October 5 and 13, 2016, defendants served plaintiffs with two sets of discovery requests.  (M/Compel, Exhs. A & B).  Thus, plaintiffs' responses were due no later than November 14, 2016.[1]  When plaintiffs failed to respond to the discovery by the due date, defense counsel arranged a November 17, 2016, telephone conference to speak with plaintiffs' counsel about the matter.  During the conference, plaintiffs' counsel agreed to provide the responses by November 22, 2016.  *See* M/Compel.

As of November 30, 2016, defendants still had not received plaintiffs' discovery

---

[1] Interrogatories must be answered by the party to whom they are directed.  FED.R.CIV.P. 33(b)(1)(A).  A responding party must serve its answers and any objections within 30 days after being served with interrogatories, unless the parties stipulate to a different deadline.  *Id.* (b)(2).  Similarly, a party to whom requests for production are directed must respond in writing within 30 days after being served.  FED.R.CIV.P. 34(2)(A).

responses, and therefore, filed the instant motion to compel. Plaintiffs did not file a response to the motion, and the time do so has lapsed. *See* Notice of Motion Setting [doc. # 18]. Accordingly, the motion is deemed unopposed. *Id.*

## Analysis

Rule 37 of the Federal Rules of Civil Procedure specifies that a party seeking discovery may move for an order compelling an answer, production, or inspection if a party, *inter alia*, fails to answer an interrogatory or fails to produce requested documents. FED.R.CIV.P. 37(a)(3)(B)(iii-iv).

Considering plaintiffs' ongoing and unexplained failure to provide discovery responses, the court finds that the motion to compel should be granted.

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that defendants' motion to compel [doc. # 16] is hereby GRANTED. Within the next fifteen (15) days from the date of this order, plaintiffs shall respond fully and completely to defendants' two sets of interrogatories and requests for production that formed the basis for this motion.[2]

IT IS FURTHER ORDERED that defendants' conditional request for costs and fees is DENIED, as premature.[3]

---

[2] By failing to timely respond to the discovery, and in the absence of good cause shown, plaintiffs have waived their right to object to the discovery requests. *See In Re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989).

[3] Although defendants requested an award of fees and expenses in their *memorandum*, they did not seek such an award presently in their *motion* and proposed *order*. Instead, they requested fees and expenses only in the event that plaintiffs failed to comply with the instant order. Accordingly, the court will not award fees and costs at this time. **Of course, if plaintiffs fail to comply with this court order, then defendants may**

In Chambers, at Monroe, Louisiana, this 3rd day of January 2017.

                                        KAREN L. HAYES
                                        UNITED STATES MAGISTRATE JUDGE

---

**petition the court not only for fees and costs under Fed.R.Civ.P. 37(b)(2)(C), but also for any other appropriate remedy under Rule 37(b)(2)(A).**

Case 3:16-cv-00756-KLH   Document 20   Filed 01/03/17   Page 3 of 3 PageID #: 99

3